UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:07-60944-CIV   COOKE/BROWN

BARBARA MORALES, *et al.*,

    *Plaintiffs*,

v.

R.J. REYNOLDS TOBACCO
COMPANY, *et al.*,

    *Defendants.*
_____/

## ORDER REMANDING CASE TO STATE COURT

**THIS CAUSE** is before the Court upon the Plaintiffs' Motion for Remand. [DE 20]. Defendant removed this case to federal court alleging diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff opposes removal, claiming lack of complete diversity—specifically that Plaintiffs and Defendant Vector Group Ltd. ("Vector") are all Floridians. A simple review of the record shows this to be true. Defendant, nonetheless, insists that removal is proper because Plaintiff fraudulently joined Vector.

Since this case was brought solely under state laws, a defendant seeking removal must establish diversity jurisdiction to remain in federal court. 28 U.S.C. §§ 1332, 1441, and 1446. "Diversity jurisdiction exists where the suit is **between citizens of different states** and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (emphasis added); *see also Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998) (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990)). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002) (footnote and citations omitted) (quoting *Williams*, 269 F.3d at 1319-20.). Courts should strictly construe the requirements of 28 U.S.C. §1441 (removal jurisdiction) and remand all cases in which such jurisdiction is doubtful. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).

Moreover, removal statutes are construed narrowly, and when the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

In the case at bar, Defendants do not dispute that Plaintiffs and Defendant Vector are citizens of Florida. Rather, Defendants claim that Vector was joined fraudulently, and thus cannot defeat diversity jurisdiction.

To prevail, Defendants must show one of two scenarios: (1) that there is no possibility Plaintiffs can establish a cause of action against the non-diverse Defendant, or (2) that Plaintiffs have fraudulently pled jurisdictional facts. *Crowe v. Coleman*, 113 F.3d 1536, 1538; *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281.

The record, here, evidences Vector's continuity of ownership and control of a predecessor corporation that Plaintiffs could have sued in this matter. Thus, Defendants cannot win under the first scenario because they cannot show by clear and convincing evidence that Plaintiff has no claim against Vector. *See Laboratory Corp. of America v. Professional Recovery Network*, 813 So.2d 266, 269 (Fla. 5th DCA 2002). The. *See Amjid Munim, M.D., P.A. v. Azar*, 648 So.2d 145, 153-54 (Fla. 4th DCA 1994). Turning to scenario two, diversity cannot be established under that basis because Vector has admitted that Florida is its principle place of business. As a result, this case lack complete diversity, and thus, federal subject matter jurisdiction.

The Plaintiff's Motion For Remand [DE 20] is **GRANTED**. This Matter is **REMANDED** back to the Circuit Court for the Eleventh Judicial Circuit of Florida pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. The Clerk of the Court is directed to **CLOSE** the case and expeditiously **TRANSFER** the matter back to the Eleventh Judicial Circuit of Florida. All pending motions are **DENIED** *as moot*.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of February 2008.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Stephen T. Brown*
*All Counsel of Record*